1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Shirley S. Cho (CA Bar No. 192616)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Boulevard, 11th Floor
3  Los Angeles, California 90067
   Telephone:  (310) 277-6910
4  Facsimile:  (310) 201-0760

5  [Proposed] Counsel for the Official
   Committee of Unsecured Creditors

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10                        **SAN DIEGO DIVISION**

11

12  In re:                                Case No.: 10-00324-PB11

13  Fili Enterprises, Inc., d/b/a Daphne's Greek    Chapter 11
    Café, a California corporation,

14                                        **MOTION OF THE OFFICIAL**
                        Debtor            **COMMITTEE OF UNSECURED**
15                                        **CREDITORS FOR ORDER**
                                          **APPROVING INFORMATION**
16                                        **ACCESS PROTOCOL UNDER**
                                          **SECTIONS 105(A), 107(b), AND**
17                                        **1102(b)(3)(A) OF THE BANKRUPTCY**
                                          **CODE; MEMORANDUM OF POINTS**
18                                        **AND AUTHORITIES; AND**
                                          **DECLARATION OF JEFFREY N.**
19                                        **POMERANTZ IN SUPPORT**
                                          **THEREOF**

20

21                                        Date:    February 17, 2010
                                          Time:    11:00 a.m.
22                                        Place:   Dept. 4, Rm. 328
                                                   325 West "F" Street
23                                                 San Diego, CA 92101

24

25

26

27

28  62651-001\DOCS_LA:214817.3

MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER
APPROVING INFORMATION ACCESS PROTOCOL UNDER §§ 105(A), 107(B), AND 1102(B)(3)(A)
OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; AND
DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT THEREOF

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE PETER W. BOWIE, UNITED STATES BANKRUPTCY JUDGE, CREDITORS HOLDING THE 20 LARGEST UNSECURED CLAIMS, SECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

The Official Committee of Unsecured Creditors (the "Committee") hereby moves this Court (the "Motion") for entry of an order pursuant to Sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Committee's adoption of certain information sharing procedures pursuant to Section 1102(b)(3)(A) of the Bankruptcy Code.

Specifically, the Committee requests authority to (a) withhold confidential and privileged information under the "information access" prong of the statute, and (b) satisfy its duties under the "comment solicitation" prong of the statute by means of a link to a web page posted on, and accessible via, an internet website dedicated to the Committee  The Committee seeks to satisfy its information sharing obligations in as streamlined and inexpensive a manner as possible.  Thus, the Committee will communicate with its constituency through, inter alia, the website established at: www.pszjlaw.com.

This Motion is based on the facts and legal analysis set forth in the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey N. Pomerantz, the record in this case, any other evidence properly before the Court prior to or at the hearing on the Motion and all matters of which this Court may properly take judicial notice.

//

//

//

//

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-1-

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT THEREOF

1    **WHEREFORE**, the Committee respectfully requests that the Court enter an order

2    approving the Motion and granting such other and further relief as this Court deems just and

3    proper.

4

5    Dated:    February 1, 2010              PACHULSKI STANG ZIEHL & JONES LLP

6                                           By    */s/ Jeffrey N. Pomerantz*
7                                                 Jeffrey N. Pomerantz
                                                  Shirley S. Cho
8                                                 [Proposed] Counsel for the Official
                                                  Committee of Unsecured Creditors

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-2-

62651-001\DOCS_LA:214817.3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are Sections 105(a), 107(b), and 1102(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9018.

### FACTS

3.     On January 11, 2010, Fili Enterprises, Inc. *dba* Daphne's Greek Café *aka* Daphne's Greek Express (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its property as a debtor-in-possession.

4.     On January 27, 2010, the United States Trustee appointed the Committee in the case pursuant to Section 1102 of the Bankruptcy Code.

5.     The Committee has selected Pachulski Stang Ziehl & Jones LLP as its insolvency counsel.

### ARGUMENTS AND AUTHORITY

6.     Section 1102(b)(3)(A) states, in relevant part, that a committee appointed under Section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee[.]"  11 U.S.C. § 1102(b)(3)(A).  Section 1102(b)(3)(B) further provides that a committee must "solicit and receive comments from the creditors described in subparagraph (A)[.]"  11 U.S.C. § 1102(b)(3)(B).

7.     Sections 1102(b)(3)(A) and (B) do not indicate how a creditors' committee should provide "access to information" for creditors, or "solicit and receive comments" from creditors. There is no legislative history to Section 1102(b)(3) to provide guidance on the application of this new provision, and whether it could be construed to apply to confidential or privileged information.

-1-

1    8.    For purposes of this Motion, the term "Confidential Information" means any non-

2    public or proprietary information of the Debtor or the Committee, including, without limitation,

3    information concerning the Debtor's assets, liabilities, business operations, projections or

4    analyses, which is obtained pursuant to the terms of a confidentiality agreement.[1]  The term

5    "Privileged Information" means any information that is subject to the attorney-client or attorney

6    work product privilege, whether such privilege is solely controlled by the Committee or is a joint

7    privilege with the Debtor or some other party.

8    9.    The enactment of Section 1102(b)(3)(A) raises the issue of whether the Committee

9    could be required to share Confidential Information or Privileged Information with any unsecured

10   creditor.  Given the importance of this issue, the Committee seeks an order of the Court

11   confirming that Section 1102(b)(3)(A) does not authorize or require the Committee to provide

12   access to each and every piece of Confidential Information or Privileged Information to any

13   creditor that the Committee represents.  *In re Refco, Inc.*, 336 B.R. 187 (Bankr. S.D.N.Y. 2006)

14   (Section 1102(b)(3) does not require the dissemination of confidential information or such

15   information that would constitute a breach of attorney-client privilege.  In determining whether to

16   release information, committees must consider the requesting party's willingness to agree to

17   confidentiality and trade restraints.).

18   10.    Section 1102(b)(3)(B) does not specifically address how a committee should

19   "solicit and receive comments" from its constituents.  The Committee proposes to satisfy this

20   statutory requirement in two ways.  First, the Committee will add information to a dedicated

21   creditor information webpage at www.pszjlaw.com that will contain (a) links to public sources for

22   pleadings and other case information (such as PACER and this Court's internet site),

23   (b) documents that can be downloaded or viewed using the Adobe Acrobat reader, (c) links to

24   email addresses for Committee counsel to whom questions or information requests may be

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] Confidential Information would not, however, include information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Committee or the Debtor (ii) is or can become available to the public due to prior disclosures; or (iii) was in the possession of the Committee prior to its disclosure by the Debtor and is not subject to any other duty or obligation to maintain confidentiality.

62651-001\DOCS_LA:214817.3

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF JEFFREY N. POMERANTZ

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

directed, (d) periodic updates or reports to creditors generally, and (e) such other information as the Committee deems appropriate.  In each instance, of course, only non-confidential and non-privileged information would be made available to the Committee's constituency.  In addition to the foregoing, the Committee will post newsletters on the web page or through a mailing to the Debtor's applicable creditor list if and when necessary to communicate with the unsecured creditors.

11.    When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms."  *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).  However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters … the intention of the drafters, rather that the strict language, controls."  *Id.* at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

12.    The Committee submits that Section 1102(b)(3) is unclear.  The statute requires a committee "to provide access to information" and to "solicit and receive comments" from creditors, yet sets forth no guidelines as to the type, kind and extent of the information to be provided or the method for soliciting input from creditors.  In its extreme, Section 1102(b)(3)(A) could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements.  *See* 17 C.F.R. §§243.100-243.103 (2005); *see also In re Refco, Inc.*, 336 B.R. 187 (S.D.N.Y. 2006) (Granting the motion of the committee to clarify the requirement to provide access to information pursuant to Section 1102(b)(3)(A) until the court further clarifies the requirements under Section 1102 or the committee establishes an information-sharing protocol); *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Nov. 17, 2005) (providing that creditors' committees are not authorized or required to provide access to confidential information of the debtors or to privileged information).  Similar relief as the relief requested herein has been

-3-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

granted in this District in other chapter 11 cases.  *See, e.g.*, *In Re The Roman Catholic Bishop of San Diego,* Case No. 07-00939 (Bankr. S.D. July 26, 2007).

13.     As discussed above, the legislative history does not provide meaningful guidance and merely reiterates the language of Section 1102(b)(3).  *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) [of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005] requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

14.     The Committee believes that Section 1102(b)(3) was intended to expand the involvement of unsecured creditors in chapter 11 cases.  In this regard, however, Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor or assembles on its own.  If this had been the intention, Section 1102(b)(3) would frustrate numerous provisions of the Bankruptcy Code.

15.     Further, Section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information."[2]  Section 107(b)(1) is mandatory.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of Section 107(b)(1) are mandatory upon request).  As a result, under Section 107(b)(1) and Bankruptcy Rule 9018, this Court is empowered to protect the Committee from having to release Confidential Information or Privileged Information to general creditors.  The Court has further authority under Section 105(a) to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.  Protecting the release of Confidential Information and Privileged Information is necessary to accomplish that

---

[2]     Section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information …." Fed. R. Bankr. P. 9018.

62651-001\DOCS_LA:214817.3

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF JEFFREY N. POMERANTZ

1   purpose.

2       16.     The disclosure of nonpublic or privileged information to unsecured creditors will

3   impede the ability of the Committee to perform its statutory function in this case.  Therefore,

4   pursuant to Sections 105(a), 107(b)(1), and 1102(b)(3)(A) and Bankruptcy Rule 9018, the

5   Committee requests confirmation that Section 1102(b)(3)(A) does not authorize or require the

6   Committee to provide access to Confidential Information or Privileged Information to any

7   creditor that the Committee represents.

8       17.     In addition, given the lack of clarity in Section 1102(b)(3)(B) regarding the

9   Committee's duty to solicit and receive comments from its constituency, the Committee seeks an

10  order establishing that this statutory obligation is satisfied by the Committee creating and

11  maintaining a web page dedicated to the Committee, to make non-confidential and non-privileged

12  information available to its constituency.

13                              <u>**CONCLUSION**</u>

14      WHEREFORE, the Committee respectfully requests that the Court enter an order

15  approving the relief requested in this Motion and granting the Committee such other and further

16  relief to which it may be entitled.

17  Dated:    February 1, 2010            PACHULSKI STANG ZIEHL & JONES LLP

18

19                              By    */s/ Jeffrey N. Pomerantz*
                                      Jeffrey N. Pomerantz
20                                    Shirley S. Cho
                                      [Proposed] Counsel for the Official
21                                    Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-5-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF JEFFREY N. POMERANTZ

I, Jeffrey N. Pomerantz, declare as follows:

1.        I am an attorney admitted to practice law in the State of California and before this Court and am a partner of Pachulski Stang Ziehl & Jones LLP, proposed counsel for the Official Unsecured Creditors Committee.  I submit this Declaration in support of the Motion of the Official Committee of Unsecured Creditors for Order Approving Information Access Protocol Under Section 1102(b)(3) of the Bankruptcy Code.

2.        I have personal knowledge of the facts set forth in the foregoing Motion and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

3.        On January 11, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its property as a debtor-in-possession.

4.        On January 27, 2010, the United States Trustee appointed the Committee in the Debtor's bankruptcy case pursuant to Section 1102 of the Bankruptcy Code.

5.        The Committee has selected Pachulski Stang Ziehl & Jones LLP as its insolvency counsel.

6.        The Committee proposes to satisfy this statutory requirement in two ways.  First, the Committee will add information to a dedicated creditor information webpage at www.pszjlaw.com that will contain (a) links to public sources for pleadings and other case information (such as PACER and this Court's internet site), (b) documents that can be downloaded or viewed using the Adobe Acrobat reader, (c) links to email addresses for Committee counsel to whom questions or information requests may be directed, (d) periodic updates or reports to creditors generally, and (e) such other information as the Committee deems appropriate.  In each instance, of course, only non-confidential and non-privileged information would be made available to the Committee's constituency.  In addition to the foregoing, the Committee will post newsletters on the web page or through a mailing to the Debtor's applicable creditor list if and when necessary to communicate with the unsecured creditors.

-6-

1    I declare under penalty of perjury under the laws of the State of California and the United

2    States of America that the foregoing is true and correct.

3    Executed this 1st day of February, 2010, at Los Angeles, California.

4                                                    /s/ Jeffrey N. Pomerantz

5                                                    Jeffrey N. Pomerantz

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

-7-

OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF JEFFREY N. POMERANTZ

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )
CITY OF LOS ANGELES          )

     I, Sophia L. Lee, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California  90067-4100.

     On February 1, 2010, I caused to be served the **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTIONS 105(A), 107(B), AND 1102(B)(3)(A) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT THEREOF** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown.  The transmission was reported as complete and without error.  (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) By sending by _____ to the addressee(s) as indicated on the attached list.

     I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 1, 2010, at Los Angeles, California.

                       */s/Sophia L. Lee*
                       Sophia L. Lee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**SERVICE LIST**
**In re: Fili Enterprises, Inc., d/b/a Daphne's Greek Café, a California corporation**
**USBC Case No. 10-00324-PB11**

Office of the United States Trustee
Attn: David Ortiz
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Attorneys for Debtor,
Natasha Johnson, Esq.
DLA Piper
550 S. Hope Street, Suite 2300
Los Angeles, CA 90071
Natasha.johnson@dlapiper.com

Attorneys for Debtor
Brendan Collins, Esq.
DLA Piper
550 S. Hope Street, Suite 2300
Los Angeles, CA 90071
Brendan.collins@dlapiper.com

Chief Judge Peter W. Bowie
US Bankruptcy Court – Southern District of
California
The Jacob Weinberger US Courthouse
325 West F Street, Dept. 4, Room 328
San Diego, CA 92101

COMMITTEE MEMBERS

Simi Entertainment Plaza
Attn: Joe Ford
c/o CNA Enterprises
1901 Avenue of the Stars, Suite 855
Los Angeles, CA 90067
jford@cnaenterprises.com

US Food Service, Inc.
Attn: Claudia G. Regen
Litigation and Employment Law
9399 W. Higgins Road, Suite 600
Rosemont, IL 60018
Claudia.regen@usfoods.com

20 LARGEST UNSECURED CREDITORS

US Foodservice, Inc.
Attn: Jon A. Jezierski
15155 Northam Street
La Mirada, CA 90638

Transwestern Harvest Lakeshore LLC
c/o Harvest Partners/Lorrie Holmes
Attn: Bob Baker
8070 Park Lane, Suite 100
Dallas, TX 75231

AW Southglenn, LLC
Attn: Laura Carstenson
8480 E. Orchard Road, Suite 2460
Englewood, CO 80111

PCCP CS Alberta
Cornerstar Colorado, LLC
Attn: Brad Beck
8480 E. Orchard Road, Suite 2460
Englewood, CO 80111

Media Spot
1550 Bayside Drive
Corona, CA 92625

SCI Parkplace Fund, LLC
Attn: Rina Lessing
1512 Eureka Road, Suite 100
Roseville, CA 95661

Jackson II, LLC
Attn: Bernardo Hubbard
5665 Power Inn Road, Suite 140
Sacramento, CA 95824

Forest City Commercial Management
Temecula Towne Center Associates, LP
Attn: George Stitz
1100 Terminal Tower, 50 Public Square
Cleveland, OH 44113-3267

The Robford Company, LLC
Attn: Bonnie Larson De Paz
1309 West Main Street
Rapid City, SD 57709-2624

P&R Paper Supply Co, Inc.
1898 E. Colton Avenue
Redlands, CA 92373

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2  FR Crow Canyon, LLC                        Aloha Technologies, Ltd.
   C/O Federal Realty Investment Trust        C/O Radiant Systems, Inc.
3  Attn:  Shahram Moussavi                     3925 Brookside Parkway
   3055 Lion Ave., Suite 2100                 Alpharetta, GA 30022
4  San Jose, CA 95128

5  Playa de Oro                               Pepsi Cola
   C/O Decron Properties, LP                  4532 U.S. 67
6  Attn:  David Nagel                          Dallas, TX 75201
   6222 Wilshire Blvd, #650
7  Los Angeles, CA 90048

8  Southern California Gas Co.                Prudential Overall Supply
   1801 S. Atlantic Blvd.                     Attn:  Mark Hamilton
9  Monterey Park, CA 91754                     17641 Fabrica Way
                                              Cerritos, CA 90703
10 Village Square Dana Park, LLC              Regency Centers Corporation
   Attn:  Michael Bannic                       Attn:  Greg Sadowsky
11 1744 Val Vista Drive, Sutie 204            265 Santa Helena, Suite 211
   Mesa, AZ 85204                             Solana Beach, CA 92075
12
   DDR Oliver McMillian LP                    Sudberry Properties, Inc.
13 Attn:  Grace Wilson                         Eastlake Village Marketplace
   733 Eighth Avenue                          Attn:  Mike Seiber
14 San Diego, CA 92121                         5465 Morehouse Drive, Suite 260
                                              San Diego, CA 92121-4714
15
                      REQUEST FOR SPECIAL NOTICE
16
   Attorneys for US Foodservice, Inc.         Attorneys for US Foodservice, Inc.
17 Jeffrey C. Hampton, Esq.                    Melissa W. Rand, Esq.
   Saul Ewing LLP                             Saul Ewing LLP
18 Centre Square West                         Centre Square West
   1500 Market Street, 38th Floor             1500 Market Street, 38th Floor
19 Philadelphia, PA 19102                      Philadelphia, PA 19102
   jhampton@saul.com                          mrand@saul.com
20
   Attorneys for CLPF – West Hollywood, LP,   Attorneys for Pacific Promenade, LLC
21 FR Crow Canyon, LLC, Park Place Realty      William Novotny, Esq.
   Holding Company, Inc. and Plaza Paseo Real  Mariscal, Weeks, McIntyre & Friedlander,
22 Associates LLC                             PA
   Robert R. Barnes                           2901 North Central Avenue, Suite 200
23 Allen Matkins Leck Gamble Mallory Natsis    Phoenix, AZ 85012-2705
   501 West Broadway, 15th Floor              William.novotny@mwmf.com
24 San Diego, CA 92101
   bbarnes@allenmatkins.com
25
   Attorneys for PK III Encinitas Marketplace  Attorneys for Passco Companies, LLC, The
26 L.P. and Kimco Westlake L.P.                Macerich Company, and Westfield, LLC
   Christina B. Gabrys, Esq.                   Thomas J. Leanse, Esq.
27 Blackmar, Principe & Schmelter, APC         Brian D. Huben, Esq.
   600 B Street, Suite 2250                   Kattne Muchin Rosenman LLP
28 San Diego, CA 92101                         2029 Century Park East, Suite 2600
                                              Los Angeles, CA 90067

**PACHULSKI STANG ZIEHL & JONES LLP**
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

Attorneys for 45 Plaza Associates, LLC
Ronald K. Brown, Jr.

2
Law Offices of Ronald K. Brown, Jr.
901 Dove Street, Suite 120

3
Newport Beach, CA 92660
rkbgwhw@aol.com

4

5
Attorneys for Thousand Oaks Marketplace,
L.P., Terra Nova Plaza, and Smi

6
Entertainment Plaza, LLC
Ian S. Landsberg, Esq.

7
Landsberg & Associates, APC
16030 Ventura Blvd., Suite 470

8
Encino, CA 91436

9
Attorneys for Bank of America, N.A.
Richard W. Esterkin

10
Matthew F. Furlong
Morgan, Lewis & Bockius LLP

11
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132

12
resterkin@morganlewis.com
mfurlong@morganlewis.com

13

14
Attorneys for SCI Park Place Fund, LLC
Thomas P. Griffin, Jr.

15
Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450

16
Sacramento, CA 95833

17

18

19
Attorneys for FW CA-Ygnacio Plaza LLC,
MCD-RC CA-Amerige LLC, et al.

20
Nancy J. Newman, Esq.
Emily M. Charley

21
Hanson Bridgett LLP
425 Market St., 26th Floor

22
San Francisco, CA 94105

---

Attorneys for Bottling Group, LLC d/b/a The
Pepsi Bottling Group
Joseph Dr. Frank
Jeremy C. Kleinman
Frank/Gecker LLP
325 N. LaSalle Street, Suite 625
Chicago, IL 60654

Attorneys for Bella Terra Associates, LLC
and Montalvo Shopping Center, LLC
J. Bennett Friedman, Esq.
Friedman Law Group
1900 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
jfriedman@jbflawfirm.com

Attorneys for RVIP CA/WA/OR Portfolio,
LLC
Eric C. Cotton, Esq.
Developers Diversified Realty Corporation
3300 Enterprise Parkway
P.O. Box 228042
Beachwood, Ohio 44122

Attorneys for Torrey Hils Marketplace, LlC
(successor in interest to Sorrento Hills
Marketplace)
Pamela LaBruyere, Esq.
Solomon, Grindle, Silverman & Wintringer,
APC
12651 High Bluff Drive, Suite 300
San Diego, CA 92130
Pamela@sgsslaw.com

---

SECURED CREDITORS

23

24
Riverside County Assessor
County Administrative Center

25
4080 Lemon Street, 1st Floor
Riverside, CA 92502

26
Weingarten Nostat, Inc.
Attn: Chris Byrd

27
2600 Citadel Plaza Drive, Suite 125
Houston, TX 77008

28

---

Vestar/Kimco Tustin, LP
c/o Vestar Property Management
2425 East Camelback Road, Suite 750
Phoenix, AZ 85016

Gerald E. Wilson
Bank of America
Legal Department
MA5-503-04-01
100 Federal Street
Boston, MA 02110

Bank of America
Trade Finance Operations
1 Fleet Way PA6-580-02-30
Scranton, PA 18507